IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
November 15, 2023 08:46 AM
ST-2019-CV-00488
TAMARA CHARLES
CLERK OF THE COURT




**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

JOYCELYN WILLIAMS,                    )
                                      )       CASE NO. ST-19-CV-488
            Plaintiff,                )
                                      )
      v.                              )       ACTION FOR PREMISES LIABILITY
                                      )       AND DAMAGES
WORLD FRESH MARKET, LLC d/b/a         )
PUEBLO,                               )
                                      )
            Defendant.                )       **Cite as 2023 VI Super 70**
                                      )

**FOR PUBLICATION**

**MEMORANDUM OPINION AND ORDER**

**¶1.     BEFORE THE COURT** is Defendant's World Fresh Market, LLC d/b/a Pueblo ("World Fresh") motion to file a counterclaim pursuant to V.I.R. Civ. P 13(e). Plaintiff Joycelyn Williams' ("Williams") has filed an opposition to World Fresh's motion. For the reasons stated below, the Court will deny World Fresh's motion to file a counterclaim.

**I.      FACTUAL BACKGROUND**

¶2.     On August 19, 2019, Williams filed a lawsuit against World Fresh for injuries she suffered when she tripped and fell while shopping on September 8, 2018, in Pueblo Supermarket, located in Long Bay, St. Thomas. In her answers to interrogatories, Williams failed to disclose that she was treated at Paradise Chiropractic and Wellness Center located at Raphune Hill. However, at her March 16, 2021, deposition, Williams disclosed that she was seeing a chiropractor located at Raphune Hill. In March 2023, World Fresh obtained records from Paradise Chiropractor and Wellness Center. The records show that Williams received treatment at Paradise Chiropractic and Wellness Center from May 11, 2018, to December 13, 2021. After receiving Williams' medical records from Paradise Chiropractic Wellness Center, World Fresh moved the Court for leave to

file a counterclaim for fraudulent concealment against Williams, alleging that Williams

fraudulently concealed her one hundred and fifty (150) medical visits to Paradise Chiropractic and

Wellness Center when she failed to disclose those visits in her answers to interrogatories. World

Fresh claims Williams intentionally concealed the visits to obtain a more favorable outcome at

mediation and trial.[1]   Willaims, in opposition, claims that information regarding her visits to

Paradise Chiropractic and Wellness Center was "inadvertently overlooked" in her answers to

written discovery and contends that this oversight was cured during her deposition when she stated

that she received chiropractic treatment in Raphune Hill.

## II.      LEGAL STANDARD

¶3.      Pursuant to Rule 13(e) of the Virgin Islands Rules of Civil Procedure, a "court may permit

a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by

the party after serving an earlier pleading." Thus, a counterclaim under Rule 13(e) is permissive

in character and can only be filed with leave of the court. Courts examining the comparable Rule

13(e) of Federal Rules of Civil Procedures have held that Rule 13(e) should be read in conjunction

with Rule 15(d) and 15(a)(2).[2] *Sky v. Haddonfield Friends Sch.*, 2016 U.S. Dist. LEXIS 43002, at

*2 (D.N.J. Mar. 31, 2016). Rule 15(d) of the Virgin Islands Rules of Civil Procedure provides that

"[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a

supplemental pleading setting out any transaction, occurrence, or event that happened after the

date of the pleading to be supplemented." V.I. R. Civ. P. 15(d). "Rule 15(d) permits claims which

---

[1] This case was mediated twice—on March 10, 2021, and again on March 13, 2023—without resolution.
[2] On March 31, 2017, the Supreme Court of the Virgin Islands "adopted the Virgin Islands Rules of Civil Procedure, —which superseded all previous civil procedure rules, including the Federal Rules of Civil Procedure that had been applicable through former Superior Court Rule 7." *Grisar v. Am. Fed'n of Teachers, AFL-CIO*, 2020 VI 9, ¶ 11, 73 V.I. 491, 496 (V.I. 2020). Courts construing Rule 13(e) of the Federal Rules of Civil Procedure, which is identical to V.I.R. Civ. P. 13(e), have held that Rule 13(e) is to be read in conjunction with Fed. R. Civ. P. Rule 15(d). *Reich v. Fairleigh Dickinson Univ.*, 2022 U.S. Dist. LEXIS 116639, at *8 (D.C. N.J. July 2022). Rule 15(d) of the Federal Rules of Civil Procedure is also identical to Rule 15(d) of the Virgin Islands Rules of Civil Procedure.

arise after the initial pleadings are filed to be added because the goal of the rule is to promote as complete an adjudication of the dispute between the parties as possible.*" Martinez v. Hess Oil Virgin Islands Corporation*, 69 V.I. 519, 545, 2018 (V.I. Super. Ct. 2018) (citing *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1981)). In that same vein, V.I. R. Civ. P 15(a)(2) provides that the court should "freely give leave" for a party to amend a pleading where "justice so requires." *Powell v. FAM Protective Services, Inc*., 72 V.I. 1029, 1039 (V.I. 2020). A motion to amend or to file a supplemental pleading should be granted if "it will promote the just disposition of the case and will not cause undue prejudice or delay and will not prejudice the rights of any of the parties." *Sky,* 2016 U.S. Dist. LEXIS 43002, at \*2. Conversely, "such a motion may be denied where the proposed amendment or pleading is futile or when it would raise new issues and unduly delay resolution of the case." *Reich v. Fairleigh Dickinson Univ.*, 2022 U.S. Dist. LEXIS 116639, \*9 (D.N.J July 1, 2022). Nevertheless, the decision of whether to grant a Rule 13(e) motion to assert an after-acquired counterclaim is ultimately left to the trial court's sound discretion. *Id* at 6; *Powell, 72* V.I. at 1039.

## III.      ANALYSIS

¶4.      The premise of World Fresh's counterclaim rests on omissions made by Williams in her answers to interrogatories, which were later corrected during her deposition on March 31, 2021. The Court recognizes that "[f]or discovery to progress effectively, each party must provide truthful, complete, candid, and explicit responses to each individual discovery request." *Donastorg v. Walker*, 2019 VI SUPER 96U, 18, 2019 V.I. LEXIS 66, \*10 (V.I. Super. Ct. July 11, 2019). And the Court certainly does not condone Williams' delayed disclosure. However, a plaintiff's omission of a treating physician or chiropractor in answers to interrogatories, which is subsequently disclosed at a deposition, does not give rise to an independent cause of action that

would justify the filing of a counterclaim for fraudulent concealment.

¶5.     World Fresh's counterclaim is a futile attempt to re-fashion its affirmative defenses into a counterclaim.   Simply labeling an affirmative defense as a counterclaim does not alter its fundamental nature. In fact, V.I. R. Civ. P 8(c)(2) requires that "if a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated and may impose terms for doing so." In other words, substance takes precedence over form, and the court must correct the mischaracterization of an affirmative defense as a counterclaim.  A similar procedural maneuver that World Fresh uses in the instant matter was attempted in *Carmichael v. Union Pacific R.R. Co.,* 155 N.E. 3d 386, 392-394 (IL. 2019). In *Carmichael,* the court clarified that an affirmative defense is a defense that, if proven, would mitigate or eradicate the defendant's negligent conduct alleged in the complaint, whereas a counterclaim is an independent cause of action by a defendant against a plaintiff.   The *Carmichael* court further explained that:

> A counterclaim is an independent cause of action in favor of the defendant against the plaintiff, which the defendant is authorized to litigate in opposition to the plaintiff's claim in the same action. As an independent action, a counterclaim must stand or fall on its own merits, regardless of the disposition of the complaint.  In order to state a cause of action, a counterclaim must be both legally sufficient and factually sufficient, setting forth a legally recognized claim as its basis for recovery, as well as pleading facts which bring the claim within the legally recognized cause of action alleged. In contrast to an affirmative defense, which merely seeks to defeat the plaintiff's cause of action by a denial or confession and avoidance, a counterclaim seeks affirmative relief.

*Carmichael,* 155 N.E. 3d at 394 (citations omitted). An affirmative defense challenges the underlying liability, whereas a counterclaim is a separate claim independent of the plaintiff's underlying claim.

¶6.     World Fresh's counterclaim is not a true counterclaim as it only seeks to reduce or defeat Williams' claim that World Fresh is liable for Williams' injuries.  The counterclaim establishes no

basis for World Fresh to recover damages independent of Williams' claims. If World Fresh were to succeed in demonstrating that Williams deliberately concealed her prior injuries and visits to Paradise Chiropractic Wellness Center before her fall in Pueblo Supermarket, it would avoid some or all liability on Williams' claim. However, World Fresh would not be entitled to recover damages independent of Williams' claims. Hence, its counterclaim is, in fact, an affirmative defense recast as a counterclaim. Notably, World Fresh has only identified attorney's fees and costs incurred in defending this lawsuit as damages. The possibility that a defendant may obtain attorney's fees as a prevailing party is an inadequate foundation for a counterclaim. Certainly, if World Fresh prevails in defense of this action against Williams, it may seek attorney's fees and costs under 5 V.I.C. § 541 as the prevailing party. Likewise, a party's supposed discovery violation is an insufficient basis for a counterclaim. A discovery violation does not give rise to a counterclaim. The remedies for discovery violations are outlined in V.I.R. Civ. P 37. Rule 37 gives the Court great latitude in fashioning an appropriate sanction for a discovery violation, including payment of reasonable expenses and attorney's fees caused by the failure to disclose relevant information during discovery. Hence, it is superfluous to file a counterclaim to recover attorney's fees incurred in defending an action or as a sanction for untimely disclosure of information.

¶7.     An affirmative defense is not a separate cause of action, as it cannot stand on its own if the complaint is dismissed. If Williams' complaint is dismissed, World Fresh's counterclaim for fraudulent concealment of information during discovery will evaporate, as it could not survive independently of Williams' complaint. See *Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 354 (E.D. NY 2002)(holding that although the defendant labeled its eighth affirmative defense as both a counterclaim and an affirmative defense, the substance of the allegation reveals that it is not a counterclaim but, rather, "purely a defensive pleading interposed against allowance of the

claim."). World Fresh's purported counterclaim cannot "stand or fall on its own merits regardless of the disposition of the complaint." *Carmichael,* 155 N.E. 3d at 392; *Buller v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 757, 767 (S.D. Ill 2006)(holding that an asserted counterclaim is an affirmative defense where "the allegation of the counterclaim cannot be adjudicated separately from [plaintiff's] claim.").

¶8.     Moreover, World Fresh's counterclaim does not substantively differ from affirmative defenses 12 and 18 in its answer to the complaint. Rather, its purpose is duplicative of the affirmative defenses. The counterclaim primarily aims to limit or preclude damages against World Fresh due to Williams' pre-existing injuries caused by third parties. World Fresh's Affirmative Defenses 12 and 18 serve the same purpose. Affirmative Defenses 12 and 18 provide as follows:

> 12.     Defendant states that Plaintiff's injuries were caused by third parties not under the control, direction or supervision of Defendant and for which Defendant cannot be held liable. The liability of Defendant, if any, should only be for its respective percentage of fault, if any, in causing or contributing to Plaintiff's alleged injuries. Alternatively, the acts and/or omissions or such third parties were intervening and/or superseding causes of Plaintiff's injuries and/or damages precluding recovery against defendant.

> 18.     Defendant states as to any injury or damage alleged to have been sustained by Plaintiff, that such injury or damage was based upon a pre-existing and/or congenital and/or hereditary condition which was not caused or contributed to by any act and/or omission of Defendant and Plaintiff is not entitled to any recovery against Defendant based upon any injuries or damages allegedly sustained as a result of any pre-existing and/or hereditary condition.

The counterclaim is unnecessary, given that World Fresh may still assert the facts stated in the counterclaim in its defense of this action to limit or avoid liability.

¶9.     When the Court is exercising its discretion pursuant to Rule 15, it must consider the potential prejudice to both parties. World Fresh will not be prejudiced by the Court's denial of its motion to file a counterclaim. World Fresh contends that the omission prejudiced it during both mediation conferences. However, nothing prevents World Fresh from returning to mediation or

engaging in settlement discussions with the now-acquired evidence to support its position that Williams had preexisting injuries, so it is not liable for all of Williams' injuries or that World Fresh is not liable for any damages as Williams was not injured in World Fresh. World Fresh's concerns outlined in its proposed counterclaim can still be raised in this matter. At trial, World Fresh may cross-examine Williams about her delayed disclosure of Paradise Chiropractic and Wellness Center, even though she had received chiropractic services from there before she fell in Pueblo Supermarket and had made 150 visits to Paradise Chiropractic and Wellness Center. World Fresh may ask Williams about the medical records from Paradise Chiropractic and Wellness Center. According to World Fresh, the records indicate that Williams had previously complained to the treating chiropractor about pain in her neck, shoulder, and feet months before the incident at World Fresh. World Fresh may also call Williams' treating chiropractor at Paradise Chiropractic and Wellness Center to testify about the types of treatment Williams received, the duration of her treatment, and the diagnosis and causes of her injuries. Denial of World Fresh's Motion will not impede its ability to fully defend the allegations in the complaint or prevent the Court from adjudicating all claims and issues.

## IV.    <u>CONCLUSION</u>

¶.10    Ultimately, it is the Court's discretion to freely grant leave when justice so requires. The Court finds that World Fresh's counterclaim is not a true counterclaim but rather an affirmative defense. At most, it sets out grounds for avoiding or reducing liability. It establishes no independent basis on which World Fresh could recover damages independent of Williams' claim and cannot be adjudicated separately from Williams' claim. Additionally, permitting World Fresh to file the counterclaim premised on the nondisclosure of information that has since been disclosed, albeit belatedly, will cause further undue delay, unnecessarily complicate this matter, and confuse

the issues. World Fresh will not be prejudiced by the denial of the motion to file the counterclaim, as the case can be fully adjudicated without the counterclaim. Therefore, the Court shall exercise its discretion and deny World Fresh's motion for leave to file a counterclaim. Accordingly, it is hereby

    **ORDERED** that Defendant's motion to file counterclaim is **DENIED;** and it is further

    **ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to counsel of record.

Dated: <u>November 15, 2023</u>

                    **CAROL THOMAS- JACOBS**
                      Judge of the Superior Court
                      of the Virgin Islands

**ATTEST:**
Tamara Charles
Clerk of the Court

By:_____ November 16, 2023
  for Latoya Camacho
    Court Clerk Supervisor_____/_____/_____